# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| STEVEN BRISTER | CASE NO. 3:19-CV-00258 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| SONNY PERDUE, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Motion to Dismiss [Doc. No. 15] filed by Defendants Sonny Perdue, Secretary of the United States Department of Agriculture; Clarence Hawkins ("Hawkins"); and Vernell Wilson-Williams ("Wilson-Williams"), pursuant to Federal Rule of Civil Procedure 12 (b)(6). Defendants move to dismiss the claims of Plaintiff Steven Brister ("Brister") against Hawkins and Wilson-Williams because they are not proper Defendants. Additionally, Defendants move to dismiss Brister's claims for age and race discrimination and retaliation because he failed to allege facts that would show he suffered any adverse employment action on the basis of these improper considerations.

## I.   FACTS AND PROCEDURAL HISTORY

This suit arises from Brister's claim that the United States Department of Agriculture ("USDA") did not select him for promotion to Supervisory Loan Specialist (Gen) (Area Director), GS-1165-12/13 with the Rural Development office in Monroe, Louisiana, because of his age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, and his race (White), in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* Brister further alleges that he was retaliated against after engaging in protected activities.[1]

---

[1]Brister makes a reference to the Rehabilitation Act, but does not assert any claims under

According to his Complaint, Brister was a loan specialist at the USDA Rural Development office in Monroe. [Doc. No. 1, ¶ 13].

In June 2015, Brister applied for the Supervisory Loan Specialist (Gen) GS-1165-12/13 ("Area Director") position (vacancy no. LA-2015-179). *Id.* at ¶ 5. At the time of his application, Brister had over 28 years of experience and was placed on the "best qualified list" and granted an interview. *Id.* at ¶ 8, 13, 24-25. He was not selected for the position. *Id.* Instead, a younger African-American woman was chosen, Wilson-Williams. *Id.* at ¶ 24. According to Brister, "[a]s far as race being part of Mr. Hawkins's hiring criteria... there is obviously intention that Mr. Hawkins put Ms. Williams in this position because of her race, because of her being a female, and because of her age." *Id.* at ¶ 27.

Nowhere in Brister's Complaint does he list his own age or the age of the selectee, Wilson-Williams. However, the relevant ROI ("Record of Investigation") which Brister routinely references in his complaint identifies his date of birth as February 18, 1964, and Wilson-Williams's date of birth as December 6, 1965, a difference of less than two (2) years with both individuals being over 40 years old.

For his claim of retaliation, Brister's Complaint makes conclusory references. *Id.* at 16, 40. He makes no specific factual allegations to support this claim.

On February 27, 2019, Brister filed a Complaint in this Court.

On July 9, 2019, a Notice of Intent to Dismiss issued for failure to effect service within ninety (90) days. When that failure was not remedied, on August 7, 2019, the lawsuit was dismissed.

---

that Act. Additionally, Defendants' Motion to Dismiss refers to Brister's claim of sex discrimination, and he does indeed refer to Wilson-Williams as female, but he does not assert a claim for sex discrimination. Therefore, the Court finds no reason to engage in analysis of unasserted claims.

On September 6, 2019, within thirty (30) days, Brister moved to re-open the case. That motion was granted. [Doc. No. 7].

On January 21, 2020, Defendants filed the instant motion. Any opposition to the motion was due no later than February 12, 2020. No opposition was filed.

## II. LAW AND ANALYSIS

### A. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for failure to state a claim upon which relief can be granted. The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Taylor v. Books A Million*, 296 F.3d 37 6, 378 (5th Cir. 2002) (citation omitted). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzalez*, 577 F.3d at 603 (quoting Iqbal, 556 U.S. at 678, (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id.*

### B. Claims Against Hawkins and Wilson-Williams

Title VII prohibits an "employer" from discriminating against "any individual ... because of such individual's race, color, religion, sex, or national origin. . . ." 42 U.S.C. § 2000e–2(a). "As Title VII prohibits discrimination in the employment context, *see* 42 U.S.C. §§ 2000e–2(a),

2000e–5, generally only employers may be liable under Title VII." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Oden v. Oktibbeha Cnty., Miss.*, 246 F.3d 458, 462 (5th Cir.2001)). "Under Title VII . . . the proper defendant is 'the head of the department, agency, or unit, as appropriate'" in claims against a federal agency. *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988) (quoting 42 U.S.C. § 2000e–16(c)); 29 U.S.C. § 794a(a)(1) (adopts Title VII procedures).

Under the ADEA, it is "unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA likewise authorizes suits against employers for age discrimination. *See* 29 U.S.C. § 623(a). Although the ADEA does not specifically identify who must be named as proper party defendant, "[t]he Supreme Court has . . . held that the ADEA is to be construed in accordance with Title VII [of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, prohibiting other forms of employment discrimination]. *See Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988). Thus, the appropriate defendant to be sued under the ADEA is the same person as under Title VII. *See Ellis v. United States Postal Service*, 784 F.2d 835, 838 (7th Cir.1986) (finding that although the ADEA does not specify that the head of the agency be named as the proper defendant in an age discrimination case against a federal agency employer, it should be construed consistently with Title VII, and, therefore, the only proper party defendant is the head of the agency).

Additionally, Fifth Circuit precedent is clear that individuals are not liable under Title VII or the ADEA. *See Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trustees,* 709 Fed. App'x. 243, 247 (5th Cir. 2017) (citing *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001)) (citation omitted).

The head of the USDA is the Secretary of Agriculture. Brister has failed to state factual

allegations or cite this Court to any law which would allow claims to be asserted against individual Defendants Hawkins and Wilson-Williams, which include retaliation claims, whether asserted under Title VII or the ADEA. Therefore, Brister has failed to state a claim against these individual Defendants, and they must be dismissed.

### C. Brister's Race Discrimination Allegations

Brister claims that he was not selected for the position of Area Director because he is a white male. [Doc. No. 1, ¶ 27]. Specifically, he "feels" that the decision to hire Wilson-Williams was motivated by discriminatory intent. *Id.* In support of his subjective belief, Bristercites to the USDA's failure to hire according to its own policies and procedures. *Id.* at ¶ 30. According to Brister, this failure, coupled with the fact that the "decision maker," Hawkins, is the "the same race as the successful candidate" amounts to intentional discrimination. *Id.* at ¶ 28.

To state a plausible claim for unlawful discrimination, a plaintiff must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim." *Chim v. Univ. of Texas*, 836 F.3d 467, 470 (5th Cir. 2016). At the pleading stage, a plaintiff is not required to "make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss. *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). Nevertheless, the plaintiff's complaint still must plausibly address "the ultimate question in a Title VII disparate treatment claim," that is, "whether a defendant took the adverse employment action against a plaintiff because of [his or] her protected status." *Raj,* 714 F.3d at 331.

Here, the Complaint includes no factual allegations that could support Brister's bare assertions of discriminatory motivation. Simple speculation of discriminatory animus falls short of establishing a viable claim under VII. *See English v. Purdue*, 777 F. App'x 94, 100 (5th Cir. 2019) ("That another employee was treated better and given more opportunities does not

become actionable under federal law just because he was female or because he was younger. More is needed to raise [plaintiff's] claims above a speculative level"). Accordingly, Defendants are entitled to dismissal of Brister's race discrimination claims.

### D. Brister's Age Discrimination Allegations

When a plaintiff alleges age discrimination, "liability depends on whether the protected trait actually motivated the employer's decision." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000). That is, the individual's age must have "actually played a role in [the employer's decision making] process and had a determinative influence on the outcome." *Id.* Therefore, by a preponderance of the evidence, the plaintiff must prove that age was the "but-for" cause of the challenged adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009).

A plaintiff may prove his case by direct or circumstantial evidence. *Reeves*, 530 U.S. at 141. Evidence is direct when it "proves the fact of discriminatory animus without inference or presumption." *Terry v. Promise Hosp. of Ascension, Inc.*, CIV.A. No. 13–128–SDD, 2014 WL 4161581, at *5 (M.D. La. Aug. 19, 2014). Evidence is circumstantial when an inference is required for the evidence to tend to prove discriminatory animus. *Id.*

If a plaintiff lacks direct evidence, court employ the burden-shifting framework of *McDonnell–Douglas*. *Reeves*, 530 U.S. at 142–43. At the first step of that framework, a plaintiff must establish a prima facie case of discrimination by showing that: (1) he was over 40 years of age; (2) qualified for the position; (3) not promoted; and (4) the position was filled by someone younger. *Leal v. McHugh*, 731 F.3d 405, 410-11 (5th Cir. 2013). When the selectee is also in the age-protected class, the analysis becomes a comparator of the age between the age-protected applicants. Specifically, a comparator need not be outside the protected group, under age 40, but must be substantially younger than the complainant. *O'Connor v. Consolidated Coin Caterers*

*Corp.*, 517 U.S. 308 at 311 (1996).

In this case, the Complaint includes no factual allegations that could support Brister's conclusory assertions of discriminatory motivation. Brister claims the USDA failed to hire according to its own policies and procedures, but, even if true, such claims do not constitute age discrimination on their face. Unlike his race claim, Brister fails to mention both his age and the age of the selectee.

As previously stated said dates of birth gleaned from the ROI indicate an age difference of less than two (2) years between the two candidate. Even at this stage of the litigation, such factual allegations fail to rise above the speculative level. *See Bauer v. Albemarle Corp.,* 169 F.3d 962, 967 (5th Cir.1999) ("[A]n employee's subjective belief of discrimination alone is not sufficient to warrant judicial relief."). Accordingly, Defendants are entitled to dismissal of Brister's age discrimination claims.

### E. Brister's Retaliation Allegations

Finally, in the final paragraphs of his Complaint, Brister alleges that "[t]he foregoing paragraphs are realleged and incorporated by reference herein. The defendants' conduct as alleged above constitutes retaliation against the Plaintiff because she [sic] engaged in activities protected by Title VII and the ADEA. The stated reasons for the defendants' conduct were not the true reasons but instead were present to take the defendants' discriminatory animus." [Doc. No. 1]. The Complaint, however, does not identify what "conduct" constituted retaliation.

"To state a claim for retaliation in violation of Title VII, a plaintiff must allege that (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." *Leal v. McHugh*, 731 F.3d 405, 416-17 (5th Cir. 2013). "To constitute prohibited retaliation, an employment action must be 'materially adverse,'

one that would 'dissuade[] a reasonable worker from making or supporting a charge of discrimination.'" *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009) (quoting *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 68 (2006) "Material adversity" is required because "it is important to separate significant from trivial harms." *Burlington*, 548 U.S. at 68.

Brister has failed to identify retaliatory actions, and, even if he had done so, he also had to allege facts demonstrating a a causal link. A prima facie showing is established if evidence shows that "the employer's decision [to take adverse action] was based in part on knowledge of the employee's protected activity." *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 684 (5th Cir. 2001). Under these circumstances, the Court finds that Brister has also failed to state a claim as a matter of law as to retaliation under either statute.[2]

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED, and Brister's

---

[2] In their Motion to Dismiss, Defendants argue that Brister failed to exhaust his administrative remedies by filing an EEOC charge of retaliation or raising that claim during the EEOC investigation. However, it is well established that when a retaliation claim grows out of a properly filed employment discrimination charge, it is not necessary for a plaintiff to file a second charge specifically alleging retaliation. *See Gupta v. E. Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir.1981) (holding "[i]t is the nature of retaliation claims that they arise after the filing of an EEOC charge"); *see also Eberle v. Gonzales*, 240 Fed.Appx. 622, 628 (5th Cir.2007) (recognizing the "Gupta exception"). It is unclear in this case whether Brister believes he was retaliated against before the filing of the EEOC charge or after, and, thus, the Court declines to dismiss this case on the basis of failure to exhaust administrative remedies. It is Brister's lack of factual allegations that his fatal to his Complaint.

Complaint is DISMISSED WITH PREJUDICE.

MONROE, LOUSIIANA, this 18th day of February, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE